# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ALFRED E. MCKAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-324 |
| | ) | |
| ANDREW SAUL, COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Alfred E. McKay, Jr. seeks judicial review of the Social Security Administration's denial of his application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).

**I.   GOVERNING STANDARDS**

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

---

[1] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to his past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II. ANALYSIS

McKay, who was 51 years old when his DIB claim was denied, alleges disability beginning January 28, 2014. Tr. 15, 23. He has at least a high school education and worked as a driver, cable installer, electrician, property manager, and bouncer. *Id.* at 22-23. McKay originally filed his claims on February 18, 2016, and they were denied on May 27, 2016, and denied upon reconsideration on August 5, 2016. *Id.* at 15. After a hearing on April 2, 2018, the ALJ issued an unfavorable decision on November 29, 2018. *Id.* at 15-24. The Appeals Council denied McKay's request for review. *Id.* at 1. The parties agree that the ALJ's decision is, therefore, ripe for judicial review. *See* doc. 11 at 2 (citation omitted); doc. 12 at 3 n. 3 (citations omitted).

At step one, the ALJ found that McKay had not engaged in substantial gainful activity since the alleged onset date. Tr. 18. The ALJ then found that McKay's degenerative disc disease of the lumbar spine status post lumbar fusion, diabetes mellitus with neuropathy, and obesity constituted severe impairments, but did not meet or medically

equal, a Listing. Tr. 18-19. The ALJ, therefore, found that McKay retained the RFC to:

> Perform light work . . . except that he needs the freedom to change positions or briefly stretch and/or change positions after 30 minutes without being taken off task. He can perform semiskilled tasks including up to five step repetitive tasks and can work without supervision. He can be casually close to coworkers and work in tandem with coworkers, can have contact with the public and able to provide and receive information from the public as part of a job. He can work an 8-hour day 40-hour week with breaks after every 2 hours with 90 percent efficiency, with fewer than two absences per month.

*Id.* at 19. He determined that McKay could not perform any past relevant work, but could perform work "hand packing" or as a small product assembler or garment sorter. *Id.* at 22, 23-24.

McKay argues that the ALJ erred in failing to state a good cause for discounting a functional capacity evaluation (FCE), produced in the context of a worker's compensation proceeding. *See* doc. 11 at 1, 10-12. Specifically, he argues that the ALJ's stated reasons for giving limited weight to several medical opinions related to his workers' compensation claim, that they "were (1) all rendered within the purview of the Worker's Compensation law, (2) not binding on the Agency, [and] (3) were vague and do not include any specific work-related limitations," were not sufficient. *Id.* at 10. However, by discounting the FCE, McKay

contends the ALJ failed to include that he is "limited to walking no more than 1-5% of a typical 8-hour workday," in the RFC.  *Id.* at 12.

As the Commissioner notes, "[i]t is well established that 'the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor.'"  Doc. 12 at 7 (quoting *Winshchel*, 631 F.3d at 1179).  The *Winschel* court continued "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  *Id.* (quotation and citation omitted).  *Winschel*, therefore, requires the ALJ to state the reasons for his weighting decision "'with at least some measure of clarity.'"  *Id.* (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

Plaintiff is correct that the ALJ's decision fails to explain his reasons for discounting the FCO with sufficient clarity.  Given that plaintiff's appeal depends upon the sufficiency of the ALJ's explanation, it is worth quoting the entirety of his discussion of the medical opinions resulting from the worker's compensation proceedings.  The ALJ states:

> I give limited weight to the opinions of the claimant's doctors made in combination for the claimant's request for benefits under his employer[']s Worker's Compensation carrier ([cite]). These opinions were all rendered within the purview of the

5

> Worker's Compensation law, and are not binding on the Agency (20 C.F.R. 404.1504). These opinions are also vague and do not include any specific limitations about the claimant's specific work[-]related limitations. Moreover, any opinions regarding the ability to work is reserved for to [sic] the Commissioner (20 C[.]F[.]R[.] 404 1527(d)(1), (2)).

Tr. 22 (citation omitted).[2] For the reasons discussed below, that statement is insufficiently clear to permit the Court to affirm his decision without "an abdication of [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Winschel*, 631 F.3d at 1179 (quotation and citation omitted).

Plaintiff argues that two of the ALJ's reasons can be ignored as irrelevant. *See* doc. 11 at 10-11. In particular, he argues that the ALJ's statement of the law—albeit correct—regarding the non-binding character of the opinions is not relevant to why the ALJ accorded those opinions "little weight." *Id.* The Commissioner's brief focuses on the fact that the ALJ "correctly noted" that he was not obligated to accept and apply these opinions. *See* doc. 12 at 6 ("the ALJ correctly noted that

---

[2] The Court notes that the ALJ purports to justify his weight of multiple medical opinions collectively. Since neither party raises the issue, the Court has not considered whether such an omnibus statement satisfies *Winschel*'s requirement that the "ALJ . . . state with particularity the weight given to different medical opinions." 631 F.3d at 1179. The collective character of the ALJ's rationale is, however, discussed below as it is implicated by the parties' specific dispute.

this opinion was rendered within the purview of workers' compensation law and is not binding on the Social Security Administration."), 7 ("the ALJ correctly noted that any opinion regarding the ability to sustain work is an administrative finding reserved to the Commissioner and is not a medical opinion."). The Commissioner does not, however, point to any authority that generalized statements of the law, no matter how accurate, satisfy the ALJ's duty to explain his weighing of medical opinions. *See id.* The Court, therefore, cannot find that the ALJ's statements concerning the non-binding effect of the opinions satisfies his obligation to explain their weight.

The question, then, is whether the ALJ's statement that the opinions in question are "vague and do not include any specific limitations about the claimant's specific work[-]related limitations," tr. 22, satisfies his obligation to explain his reasoning. Plaintiff narrows the question even further by arguing that such a statement cannot constitute a clear statement of good cause for the weight accorded because it "is incorrect, as the FCE specifically stated Plaintiff was limited to walking no more than 1-5% of a typical 8-hour workday." Doc. 11 at 11. The Commissioner's brief argues, on the contrary, that "the

FCE reflects the results of a 6-minute test and does not place any limitations on Plaintiff's ability to walk during an 8-hour workday." Doc. 12 at 9. It goes so far as to state that "[p]laintiff's appeal comes down to whether he has misinterpreted a test conducted by a physical therapist for the purpose of assessing his workers' compensation claim." *Id.* at 1. Given the parties' focus, the Court considers whether plaintiff's or the Commissioner's "interpretation" of the FCE is correct, subject to the caveat discussed more fully below.

> The Commissioner explains:
>
> [a]s part of the [FCE], Plaintiff submitted to a 6-minute walk test (Tr. 377). He completed 183 yards in 6 minutes, and the physical therapist noted that he 'self-selected' a slow pace despite requests to increase the pace (Tr. 377). Accordingly, based on Plaintiff having walked at a pace of only 30.5 yards per minute, the physical therapist checked the box indicating "Significant Limitation Rare 1-5%" (Tr. 377).

Doc. 12 at 9. That description is a perfectly accurate summary of the cited document. The Commissioner's accuracy ends there. He goes on to assert "the results of the 6-minute walk test are not expressed in any specific work-related limitation, such as how many hours Plaintiff could walk or stand during an 8-hour workday." *Id.* Plaintiff's reply points out, that assessment ignores the FCE's explanation that the "projections

[of which the description above is one] are for 8 hours a day 5 days a week of the level indicated on the FCE grid." Tr. 375; *see* doc. 13 at 2-3 (citing to Tr. 389, which is another copy of Tr. 375). The obvious implication of that explanation is that the "1-5%" indicates the percentage of time the subject could perform the activity during a period which obviously corresponds to a standard workday, *i.e.*, "how many hours Plaintiff could walk or stand during an 8-hour workday." Doc. 12 at 9. Even if the Commissioner's framing is correct, then, that this "appeal comes down to [the interpretation of] a test conducted for the purpose of assessing his workers' compensation claim," *id.* at 1, the ALJ's decision cannot be affirmed.

The Court is skeptical, however, that the Commissioner is correct that the appeal "comes down" to a relatively granular dispute about how a single medical record is interpreted. The dispute, however, exposes a more fundamental problem with the ALJ's criticism that the records lack sufficiently specific work-related limitations; that explanation is simply not sufficiently clear. In the end, as stated above, the Court is highly skeptical that the Commissioner's defense of the ALJ's explanation is a plausible reading of the document in question. Despite that skepticism,

9

it is not to "decide facts anew, [or] reweigh the evidence." *Winschel*, 631 F.3d at 1178. What the implausibility of the Commissioner's brief's reading exposes, however, is that the ALJ's explanation itself is unclear. It may well be that the ALJ found that the incorporation of the various check-boxes and caveats did not amount to "specific limitations about the claimant's specific work[-]related limitations." Tr. 22. The problem is that the Court simply can't know whether that was his reasoning, based on the limited explanation he provided.

The parties' insistence that this appeal "comes down" to an interpretation of two pages from over eight hundred pages of record invites precisely the prohibited reweighing of the evidence. The fact that the parties were able to occupy the entirety of their briefing racing down that rabbit trail is, perhaps, the strongest proof that the ALJ's original explanation was, and is, inadequate. Had the ALJ "state[d] with *particularity* the weight given to different medical opinions *and the reasons therefor*," *Winschel*, 631 F.3d at 1179 (emphasis added), the plaintiff and the Commissioner could not have plausibly invited the Court to venture into the thicket of interpretation of the FCE's instructions, check-boxes, and caveats.

The Commissioner's framing of the issue notwithstanding, even considering the record as a whole, the Court simply cannot determine what the ALJ's reasons were for discounting the workers' compensation opinions. To be sure, the ALJ also describes the workers' compensation opinions, including the FCE, as "vague." Tr. 22. However, it is not immediately clear from the ALJ's opinion whether his further reservation, the lack of "specific limitations about the claimant's specific work[-] related limitations," *id.*, is a separate reason or an explanation of the vagueness. The Commissioner's brief suggests that vagueness might be a separate explanation for the ALJ's weighing. *See* doc. 12 at 8. The Commissioner reasonably notes that the FCE includes reservations about its conclusions that are not explicitly addressed in the examiner's conclusions. *Id.* (citing Tr. 374). But, again, any such reconstruction of the ALJ's reasoning is beyond the scope of this Court's mandate.

If the only opinion that the ALJ discounted on "vagueness" grounds were the FCE, that explanation might suffice. The ALJ, however, discounts several opinions, *en masse*, as "vague." Tr. 22. (citing exhibits "1F, 4F, 10F, 11F, and 14F"). The ALJ's attribution of "vagueness,"

applies generally, therefore, to treatment records from Neurological Associates of Savannah (Ex. 1F), 115 pages, hospital records from Candler Medical Group (Ex. 4F), 55 pages, treatment records from the Neurological and Spine Institute of Savannah (Ex. 10F), twelve pages, the physical and occupational therapy records, including the FCE (Ex. 11F), fourteen pages, and records from Whelan Chiropractic (Ex. 14F), six pages.  All told, acceptance of the ALJ's explanation would require the Court to accept that the single adjective, "vague," was appropriately applied to medical records from five providers and occupying more than 200 pages of the record.

Given the ALJ's wholesale treatment of the workers' compensation records, his findings cannot be affirmed.  As the United States District Court for the Middle District of Florida succinctly explains, albeit in a slightly different context:

> Conclusory statements by an ALJ . . . are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.  *See Poplardo v. Astrue*, 2008 WL 68593, * 11 (M.D. Fla. Jan. 4, 2008) ([…]); *see also Paltan v. Comm'r of Social Sec.*, 2008 WL 1848342,, * 5 (M.D. Fla. April 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.")  Otherwise, the Court would be left in a situation where it would have to impermissibly reweigh the evidence.

*Kahle v. Comm'r of Social Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012). As this Court has explained, "explanations" that are not fact-specific are insufficient to affirm an ALJ's decision. *See Payne v. Colvin*, 2014 WL 3361917, at * 4 (S.D. Ga. July 8, 2014) (reversing and remanding Commissioner's decision because the ALJ failed to sufficiently explain the weight accorded to physicians' opinions). As the Court explained in *Payne*, a conclusory statement that medical opinions were "inconsistent with the record as a whole," absent an explanation of "how they were inconsistent," required remand. *Id.* The ALJ's statement that these opinions were "vague," without an explanation of how they were vague merits the same treatment. Ironically, then, the ALJ's explanation that the workers' compensation opinions were too vague to accord more than little weight is, itself, too vague for the Court to affirm.

## III. CONCLUSION

In conclusion, the ALJ's failed to adequately explain his reasons for the weight he assigned to medical opinions and a remand is warranted to properly explain the weight the ALJ assigns to the medical opinions produced during the workers' compensation proceedings. For the reasons set forth above, this action should be **REMANDED** to the Social

Security Administration for further proceedings under 42 U.S.C. § 405(g). This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 2nd day of February, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA